IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CARLOS MORRIS,

    Petitioner,

v.                                                                                                                                                                                                              No. 1:18-cv-01103-JDB-jay

HERBERT H. SLATERY III,

    Respondent.


ORDER DIRECTING CLERK TO MODIFY RESPONDENT,
GRANTING MOTION TO DISMISS,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner, Carlos Morris, filed a *pro se* habeas corpus petition (the "Petition"), pursuant to 28 U.S.C. § 2254. (Docket Entry ("D.E.") 1.) Respondent, Herbert Slatery III,[1] moved to dismiss the Petition as untimely. (D.E. 12.) For the following reasons, the motion is GRANTED, and the Petition is DISMISSED.

---

[1] The Petition challenges Morris's Tennessee convictions. (*See* D.E. 1 at PageID 1.) The docket sheet in this case and the federal inmate search website, *see* https://www.bop.gov/inmateloc/ (last accessed December 17, 2019), show that he is incarcerated at the Federal Correctional Institution in Edgefield, South Carolina. The Tennessee felony offender website reveals, however, that Morris remains under supervision of the State of Tennessee. *See* https://apps.tn.gov/foil-app/results.jsp (last accessed December 17, 2019). In these circumstances, the proper respondent is the Tennessee Attorney General. *See Gilmore v. Ebbert*, 895 F.3d 834, 837 (6th Cir. 2018). The Clerk is DIRECTED to substitute Tennessee Attorney General, Herbert H. Slatery III, for John Jackson as Respondent.

## BACKGROUND

In February 2000, Petitioner pleaded guilty in the Henderson County, Tennessee, Circuit Court to two counts of possession of cocaine with intent to manufacture, sell, or deliver, and he was sentenced to two concurrent eight-year terms of imprisonment. (D.E. 1-2 at PageID 25–26.) In October 2006, Morris pleaded guilty in the Madison County, Tennessee, Circuit Court to three drug offenses, as well as failure to obey a stop sign. (*Id.* at PageID 27–30.) On those convictions, he received an effective sentence of eight years, to run concurrently with his Henderson County sentences. (*Id.*) Judgment was entered on October 25, 2006. (*Id.*)

In March 2016, Petitioner filed a motion in state court to correct his Madison County sentences, arguing that the sentences are illegal under state law. (D.E. 11-1 at PageID 59–65.) The trial court dismissed the action. (*Id.* at PageID 69–70.) The Tennessee Court of Criminal Appeals affirmed the lower court's decision, and the Tennessee Supreme Court denied discretionary review. *See State v. Morris*, No. W2017-00129-CCA-R3-CD, 2017 WL 3836024, at *3 (Tenn. Crim. App. Aug. 31, 2017), *perm. appeal denied* (Tenn. Feb. 15, 2018).

## DISCUSSION

The inmate filed his Petition in this Court on June 18, 2018, challenging his Madison County convictions. (D.E. 1 at PageID 1.) On April 18, 2019, Respondent moved to dismiss the Petition as untimely. (D.E. 12 at PageID 143.) Morris filed a reply opposing the motion. (D.E. 13.)

A § 2254 petition is subject to a one-year limitations period, commencing from four possible dates:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

The one-year limitations period is tolled during the time "a properly filed application for State post-conviction or other collateral review . . . is pending[.]" 28 U.S.C. § 2244(d)(2). The time bar is also subject to equitable tolling where the petitioner demonstrates "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The limitations period may also be "overcome" through a "gateway" claim of actual innocence. *McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013). A valid claim of actual innocence requires a petitioner to "show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence." *Id.* at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

In this case, § 2244(d)(1)(A) applies, which means that the running of the federal limitations period was triggered when Petitioner's convictions became final. Because Morris did not take a direct appeal, his judgment of conviction became final on Friday, November 24, 2006—thirty days after it was entered. *See Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x. 605, 609 (6th Cir. 2013) (holding that where no appeal was filed, the petitioner's conviction was final when the time for a direct appeal expired); Tenn. Crim App. 4(a) ("In an appeal as of right to the

3

. . . Court of Criminal Appeals, the notice of appeal . . . shall be filed with the clerk of the appellate court within 30 days of entry of the judgment appealed from[.]"). The limitations "clock" began ticking the next business day, Monday, November 27, 2006, and expired one year later, on November 27, 2007. *See Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000) (deciding that, where petitioner's conviction became final on September 9, 1996, the one-year limitations period began to run the next day and, absent tolling, would have expired on September 9, 1997); *see also Merriweather v. City of Memphis,* 107 F.3d 396, 398 (6th Cir. 1997) (citation omitted) (concluding that a one-year limitations period generally "ends on the same calendar date the following year"). The Petition, which was filed in June 2018, is therefore untimely by more than ten and one-half years.

Petitioner's filing of his state motion to correct his sentence in 2016 does not serve to toll the limitations period. The period expired long before the inmate initiated that state court action, and the federal statutory tolling provision, 28 U.S.C. § 2244(d)(2), "does not . . . 'revive' the limitations period . . . ; it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F. 3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

Morris does not argue that he is entitled to equitable tolling of the limitations period. What is more, his sole reference to "Factual Innocence" in his reply, (*see* D.E. 13 at PageID 151), is unsupported by new reliable evidence of his innocence.

Because Petitioner sought federal habeas relief well beyond the time allowed by the relevant statute, Respondent's motion to dismiss is GRANTED, and the Petition is DISMISSED.

4

## APPEAL ISSUES

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)–(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252–53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[2]

IT IS SO ORDERED this 19th day of December 2019.

                                              s/ J. DANIEL BREEN
                                              UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.